The BANK OF TUCSON, an Arizona Corporation, Appellant,

v.

Monica B. BJORNNES and John T. Bessesen, Appellees.

No. 17984.

United States Court of Appeals
Eighth Circuit.

Nov. 2, 1965.

James S. Simonson, of Cant, Haverstock, Beardsley, Gray & Plant, Minneapolis, Minn., for appellant.

Thomas Vennum, of Vennum, Newhall, Ackman & Goetz, Minneapolis, Minn., Jerrold F. Bergfalk, Minneapolis, Minn., for appellee Monica B. Bjornnes.

John J. Kelly, Minneapolis, Minn., for appellee John T. Bessesen.

Before MATTHES, RIDGE and GIBSON, Circuit Judges.

PER CURIAM.

The United States District Court for the District of Minnesota (Judge Nordbye) found that The Bank of Tucson, an Arizona corporation, was not entitled to recover from appellees, Minnesota citizens, on a note executed by them. The court's supporting opinion is reported at 245 F.Supp. 595. The bank appealed from the judgment entered in accordance with the court's conclusions of law.

Having carefully studied the record and considered the issues presented, we conclude that the district court's findings are supported by substantial evidence and are not clearly erroneous, and that the judgment was not premised upon a misconception of the applicable law. We, therefore, affirm, for the reasons stated in Judge Nordbye's soundly reasoned opinion.

Marie CHESTER (Mrs. B. M.), Joe Melvin Chester, Sue Marie Chester, R. P. Moore, Betty Moore and B. M. Chester, Appellants,

v.

A. C. ROSS, Director of Internal Revenue of the District of Georgia, et al., Appellee.

No. 21831.

United States Court of Appeals
Fifth Circuit.

Oct. 29, 1965.

Wesley R. Asinof, H. A. Stephens, Jr., Charles R. Smith, James M. Roberts, Atlanta, Ga., for appellants.

Louis F. Oberdorfer, Asst. Atty. Gen., Meyer Rothwacks, Joseph Kovner, Lee A. Jackson, George F. Lynch, Attys., Dept. of Justice, Washington, D. C., Charles L. Goodson, U. S. Atty., Slaton Clemmons, Asst. U. S. Atty., Atlanta, Ga., for appellee.

Before TUTTLE, Chief Judge, and BELL and COLEMAN, Circuit Judges.

PER CURIAM:

The judgment of the trial court dismissing the amended complaint is AFFIRMED in all respects except as to the claim of B. M. Chester. It appearing that no tax claim is pending against B. M. Chester, it would be appropriate for the trial court to consider his contention that part of the property seized under the jeopardy assessment belonged to him in the pending litigation. No good reason appears why a new suit should be required for this purpose. The case is remanded, therefore, to the trial court to permit that court to consider the claim of appellant, B. M. Chester.

The order of dismissal as to the other appellants is affirmed.